# CASES

## ARGUED AND DETERMINED

### IN THE

# United States Circuit and District Courts.

SWAYNE *v.* BOYLSTON INS. CO.

(*Circuit Court, E. D. New York.* March 22, 1888.)

REMOVAL OF CAUSES—CITIZENSHIP—ACTIONS AGAINST NON-RESIDENTS.

Under act U. S. March 3, 1887, § 1, providing that United States circuit courts shall have original cognizance of civil suits between citizens of different states, and no civil suit shall be brought against any person in any other district than that whereof he is an inhabitant; and section 2, authorizing the removal from state courts to United States circuit courts of any civil suits of which the circuit courts are given jurisdiction by the preceding section.—a citizen of one state, sued in a state court of another state by a citizen of the latter, has the right of removal to the United States circuit court.

On Motion to Remand to State Court.

*J. A. Shoudy,* for plaintiff, cited:

*Yuba Co.* v. *Mining Co.,* 32 Fed. Rep. 183; *Telegraph Co.* v. *Brown,* Id. 337; *Fales* v. *Railway Co.,* Id. 673; *Gavin* v. *Vance,* 33 Fed. Rep. 84; *Rawley* v. *Railroad Co.,* Id. 305; *Nelson* v. *Hennessey,* Id. 113.

*L. W. Clark,* for defendant, cited:

*Railroad Co.* v. *Railroad Co.,* 33 Fed. Rep. 385; *Dwyer* v. *Peshall,* 32 Fed. Rep. 497; *Fisk* v. *Henarie,* Id. 417; *Judah* v. *Wire Co.,* Id. 561; *Bourke* v. *Amison,* Id. 710; *Anderson* v. *Appleton,* Id. 855; *Weller* v. *Tobacco Co.,* Id. 860; *Mining Co.* v. *Markell,* 33 Fed. Rep. 386; *Reinstadler* v. *Reeves,* Id. 308; *Covert* v. *Waldron,* Id. 311; *Loomis* v. *Coal Co.,* Id. 353; *Newgass* v. *New Orleans,* Id. 196; *Short* v. *Railway,* Id. 114; *Nelson* v. *Hennessey,* Id. 113; *Harold* v. *Mining Co.,* Id. 529.

LACOMBE, J. The plaintiff is a resident and citizen of New York; the defendant a resident and citizen of Massachusetts. The action was begun in the supreme court of this state, and removed into this court by the defendant. Plaintiff now moves to remand it, upon the ground that, as the defendant is a non-resident, this court would have no juris-

diction of an action brought here in the first instance, and therefore could not take such jurisdiction by a removal. He relies upon the decision in *Yuba Co.* v. *Mining Co.*, 32 Fed. Rep. 183. That case was before this court in the Southern district, in *Bourke* v. *Amison*, Id. 710, and not followed. The motion in the latter case was for an order setting aside the service of process, and the opinion discusses the act of 1887 so far only as was necessary to a decision of that motion. Subsequently, upon the settlement of the order, the defendant asked for a dismissal, contending that the court had no jurisdiction. This was denied (orally) on the expressed ground that jurisdiction would be entertained if the defendant were served in the Southern district of New York, where the plaintiff resided. The whole subject has been elaborately considered in the decisions already rendered in this and other circuits, which have been cited by the defendant on this argument. It seems unnecessary to add anything to what has been already written, both because the subject has been fully discussed, and because it now appears that the act which the federal courts have been interpreting for the past 12 months is not the act which passed both houses of congress, and received the president's signature. The act printed on the statute-book conforms to the enrollment, but the enrolled act, when compared with the original papers on file in the secretary's office, contains 25 mistakes in spelling, in punctuation, in changing and omitting words, and in the structure of the bill,—that is, by changing paragraphs. Cong. Rec. March 14, 1888, pp. 2102, 2103.